Judge Mills
delivered the opinion of the court.
This is a bill, brought in the court below, setting up an entry for lands made in 1781, against other adverse entries, surveys and patents. It will be unnecessary for the court to go largely into a statement of facts. Suffice it to say, that the complainant claims, by an assignment on the entry made in the name of Kirklain, and this entry was not surveyed till the year 1807, the year after the complainant’s bill was filed, and that survey was made by order of court; and not as an original survey, to be recorded and registered. The excuse set up in the bill for not surveying this entry, is, that the holder of it, could not find it by application to the surveyor’s office, on the first search—that after it was found on a second search, the survey was prevented by the threats of one of the defendants, deferring the surveyor from proceeding. These allegations are denied and not proved, of but slight proof is introduced to that effect; but at what time these events took place, does not appear, by the charges of the bill, and as far as the proof throws any light on the subject, they must have happened after the time of surveying had expired. And if they had happened before, the court is not prepared to say that it would have been a case of exception to the general forfeiture, for not surveying, as the means of coercing the survey, by sufficient force is afforded by law. It is true, the complainant has attempted to prove that the holder of the entry, had an agent appointed for the purpose of conducting the survey; but this is not alledged in the bill; nor does it appear that the agent resided in the county, or that his appointment was made known to the surveyor, or at what time the appointment took place. The complainant’s entry, is therefore clearly forfeited by not being surveyed in due time, and he has shown no plausible claim for a decree in his fa *264 vor. The decree of the court below, must be affirmed with costs.
Daviess for plaintiff, Hardin for defendant in error.